UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARRIEL KING,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM SERVICES LLC,<br><br>    Defendant. | Case No. 2:24-cv-01499-RFB-MDC<br><br>**ORDER** |

### I.    INTRODUCTION

Before the Court is Defendant's partial motion to dismiss. ECF No. 8. For the following reasons, the Court grants the motion.

### II.    PROCEDURAL HISTORY

On July 10, Plaintiff Carriel King initiated this action by filing her Complaint against Defendant Amazon.com Services LLC in the Eighth Judicial District. The Complaint asserts four causes of action against Defendant for: (1) disability discrimination pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), and Nevada law, N.R.S. § 613.330; (2) retaliation pursuant to the ADA, 42 U.S.C. § 12203(a), and Nevada law, N.R.S. § 613.340; (3) failure to accommodate pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e(j); and (4) tortious discharge.

The case was removed to federal court on August 14, 2024. ECF No. 1. Defendant filed the instant partial motion to dismiss on August 21. ECF No. 8. The motion was briefed by September 18. ECF Nos. 13, 21. An Early Neutral Evaluation session was held on January 29, 2025, before Magistrate Judge Weksler. A settlement was not reached. ECF No. 31.

The Court's Order follows.

## III.   FACTUAL ALLEGATIONS

Plaintiff alleges that Defendant Amazon.com Services LLC hired her as a Warehouse Fulfillment Associate on or about October 21, 2021. Over the course of her employment, Plaintiff worked at several different Amazon warehouse locations. Plaintiff has atrial fibrillation. Plaintiff's supervisors from at least two of Defendant's warehouse locations were aware of her need for accommodation related to her atrial fibrillation and provided it to her. In July 2023, Plaintiff requested an ADA accommodation from Amazon. Plaintiff's medical provider submitted accommodation paperwork, and Amazon initially approved an accommodation for Plaintiff on August 21, 2023. Later that day, Amazon notified Plaintiff that her employment was terminated because they had determined her medical documents were fraudulent. Plaintiff and her medical provider tried to contact Human Resources, and Amazon ignored those attempts.

## IV.   LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences

from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

## V. DISCUSSION

The Court now turns to the merits of Defendant's partial motion to dismiss. Defendant moves this Court for an order dismissing Plaintiff's Fourth Cause of Action for tortious discharge.

In Nevada, an employer may generally terminate an at-will employee "whenever and for whatever cause" without being subject to liability for wrongful discharge. Smith v. Cladianos, 752 P.2d 233, 234 (Nev. 1988). The tortious discharge cause of action is a narrow exception to this rule when an employer discharges an employee for a reason which violates Nevada public policy. D'Angelo v. Gardner, 819 P.2d 206, 216 (Nev. 1991). To prevail on a tortious discharge claim in Nevada, a plaintiff must establish that she: (1) was terminated by her employer for reasons that "violate[ ] strong and compelling public policy"; and (2) is without "an adequate, comprehensive, statutory remedy." Ozawa v. Vision Airlines, Inc., 216 P.3d 788, 791 (Nev. 2009).

Plaintiff's tortious discharge claim must be dismissed. It is well established under Nevada law that a plaintiff may not resort to a tortious discharge claim "when an adequate statutory remedy already exists[.]" Id. at 791. Plaintiff's tortious discharge claim addresses the same wrong – Defendant's alleged disability discrimination – as Plaintiff's ADA and state law claims. There is an existing remedy for disability discrimination in both state and federal law, and Plaintiff is seeking relief under these statutes.

Additionally, the Court finds it unlikely that the Nevada Supreme Court would consider this action one of the "rare and exceptional cases" justifying a new exception as the court has already declined finding such an exception for other forms of discrimination. See, e.g., Sands Regent v. Valgardson, 777 P.2d 898, 900 (Nev. 1989) (finding that "[t]his tort is "severely limited" to "those rare and exceptional cases where the employer's conduct violates strong and compelling public policy" and declining to recognize an additional exception to the at-will doctrine for age discrimination); Chavez v. Sievers, 43 P.3d 1022, 1028 (Nev. 2002) ("[W]e decline to recognize a public policy exception to the employment at-will doctrine based on race discrimination with respect to small employers."); Russo v. Shac, LLC, 498 P.3d 1289, at *7 (Nev. Ct. App. Nov.

2021) (affirming dismissal of tortious constructive discharge claim based on sexual harassment because Nevada's employment discrimination statutes already provide an adequate statutory remedy).

For these reasons, the Court grants Defendant's Motion to Dismiss the claim for tortious discharge. Since this claim fails as a matter of law, the Court finds that amendment would be futile. See Carvalho v. Equifax Info. Servs., LLC, 615 F.3d 1217, 1232 (9th Cir. 2010). Accordingly, Plaintiff's tortious discharge claim is dismissed with prejudice.

VI. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Partial Motion to Dismiss, (ECF No. 8), is **GRANTED**.

**DATED:** March 29, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**